OPINION
On November 23, 1999, Appellant made a loan to Appellee. The agreed upon rate of interest for said loan was 24.99% with a repayment period of 37 months. The loan also included an origination fee of $150.00.
This loan was made pursuant to the Ohio Mortgage Loan Act, as indicated on the Note in this case.
Appellee stopped making payments on this loan and on March 8, 2000, Appellant filed a cause of action against Appellee in the Municipal Court of Delaware County seeking judgment in the amount of $3,470.86 plus interest at the rate of 24.99% from February 29, 2000.
On July 14, 2000, the Court granted judgment against appellee and in favor of appellant for the sum of $3,470.86 plus costs, but reduced the rate of interest to 10% per annum.
It is from this Order that appellant appeals, assigning the following errors:
 ASSIGNMENTS OF ERROR I. THE LOWER COURT ERRED IN FINDING THAT THE PERMISSIBLE RATE OF INTEREST UNDER THE OHIO MORTGAGE LOAN ACT IS 21%.
 II. THE LOWER COURT ERRED IN RELYING ON THE FEDERAL "ANNUAL PERCENTAGE RATE" TO DETERMINE THE INTEREST RATE FOR THE PURPOSE OF COMPLIANCE WITH THE OHIO MORTGAGE LOAN ACT.
 III. THE LOWER COURT ERRED IN REDUCING THE RATE OF INTEREST ON THE DEBT FROM THE LAWFUL CONTRACT RATE OF 24.99% TO 10%.
 I.
Appellant claims that the trial court erred in finding that Ohio Mortgage Loan Act limits the permissible rate of interest to 21%. We agree.
The Appellant in this case is a registrant under the Ohio Mortgage Loan Act (MLA), R.C. §§ 1321.51 et seq., and the loan in question was made pursuant to such Act. R.C. § 1321.571 of the MLA provides:
 As an alternative to the interest permitted in division (A) of section 1321.57 and in division (B) of section 1321.58 of the Revised Code, a registrant may contract for and receive interest at any rate or rates agreed upon or consented to by the parties to the loan contract or open-end loan agreement, but not exceeding an annual percentage rate of twenty-five per cent.
It appears from the lower court's entry of July 14, 2000, that the court mistakenly believed that such code section had been repealed.
As the loan in the case sub judice contained an agreed interest rate of 24.99%, such loan was made in accordance with the above statute as such was below the permissible rate of 25%.
Assignment of error I is sustained.
 II.
Appellant claims that the trial court erred in relying on the Federal "annual percentage rate" to determine the interest rate for purpose of compliance with the Ohio Mortgage Loan Act. We agree.
For purposes of the the MLA, calculation of the "annual percentage rate" does not include loan origination charges. The definition for "annual percentage rate" under the MLA is found in Revised Code §1321.51, which provides:
* * *
 E) "Interest" means all charges payable directly or indirectly by a borrower to a registrant as a condition to a loan or an application for a loan, however denominated, but does not include default charges, deferment charges, insurance charges or premiums, court costs, loan origination charges, check collection charges, credit line charges, points, prepayment penalties, or other fees and charges specifically authorized by law. (emphasis added.)
* * *
 (K) "Annual percentage rate" means the ratio of the interest on a loan to the unpaid principal balances on the loan for any period of time, expressed on an annual basis.
However, under the federal Truth in Lending Act (TIL) "annual percentage rate", loan origination charges are included in the finance charge. See 15 U.S.C. § 1606(a)(1). The TIL and Regulation Z require conspicuous disclosure of the "annual percentage rate" and the use of the actual term "annual percentage rate".
As Ohio law does not require the use of the term "annual percentage rate", in order to distinguish the MLA "annual percentage rate" from the TIL "annual percentage rate", Appellants used the term "agreed rate of charge" to describe the MLA "annual percentage rate" in the Note. Both of these rates are disclosed on the face of the Note.
Because of the difference in the two different calculations for the "annual percentage rate" under the MLA and the TIL, the MLA "annual percentage rate" results in a lower rate than the TIL "annual percentage rate".
The MLA "annual percentage rate", or "agreed rate of charge", for this loan is 24.99%. The corresponding TIL "annual percentage rate" is 28.50%, despite the Magistrate's contention in the July 14, 2000, Order that "the origination charge alone would have a negligible effect on the overall calculation even when added to the principal balance". The difference in the two rates is, in fact, due to the inclusion of the $150.00 loan origination fee in the TIL rate.
As the MLA rate is within the 25% rate limit imposed under the MLA, the Court finds Appellant's Second Assignment of Error well-taken and sustains same.
 III.
Appellant claims that the trial court erred in reducing the rate of interest on the debt from the contract rate of 24.99% to 10%. We agree.
Revised Code § 1343.03 sets the rate of interest at 10% when money becomes due and payable except for the those instances where the contract in question provides for same:
 A) In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract. (Emphasis added.)
As the Note in the case at bar contained the legal rate of interest under the MLA of 24.99%, that rate should have been applied to the judgment.
Appellant's Third Assignment of Error is sustained.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Municipal Court, Delaware, Ohio is reversed and remanded.
Boggins, J. Wise, J. and Edwards, P.J. concur